Next case on our call this morning is Agenda No. 2, Case No. 105719, People v. Walter Klepper. May it please the Court, Counsel, my name is Leah Myers-Bendick from the Illinois Attorney General's Office on behalf of the people of the state of Illinois. This case involves three substantive issues as well as Defendant's two main jurisdictional challenges. One of those jurisdictional challenges, asserting that the people's motion to reconsider did not extend the deadline for filing the October 11th Notice of Appeal, is also presented in the case of People v. Marker, Case No. 106494, which is scheduled for oral argument before this Court next Tuesday, January 20th. Because that is the principal case that Defendant relies upon for this jurisdictional argument, I would simply stand on my briefs on this issue unless this Court has any questions and instead turn to the second jurisdictional issue, which in fact shows that the Marker case in fact may not be relevant under the circumstances of this case. After adjusting jurisdiction, I will turn to the three substantive issues concerning whether subsection A-4 of the disorderly conduct statute violates the ineffective for failing to challenge the charging instrument pretrial, and third, whether there was any error regarding cross-examination of people's witnesses. So it's your position that if the Court affirms Marker, we should not have an impact on this case? That's correct, and the reason is because the October 11th Notice of Appeal was rejected by this Court in the October 24th Notice, and the reason for that cited Rule 303B3, which has to do with attaching Rule 18 compliant orders. In other words, the October 11th Notice was not rejected due to untimeliness, and because this Court never filed it, the timeliness of this document is actually not presented in this case, and that's why Marker should not be found relevant. Counsel, you do a nice job setting the case up, but I wonder if there isn't another issue. Is there a waiver issue in the case? How so, Your Honor? State's agreement to the misdemeanor sentence on the felony charge? The people's position is that the type of sentencing imposed is a separate issue from whether or not the statute itself is constitutional, and that is the precise nature of the people's appeal, defending the constitutionality of A4. But ultimately, it would be to overturn that sentence and make him liable for a felony sentence. Isn't that correct? Well, that would be a consequence of upholding A4, but defending the statute is a broader goal not only in this particular case, but also for future cases. And so by appealing... Isn't it an argument that can be waived, though? That is also true, indeed, because the constitutionality of a statute can be addressed by this Court in any case. But you disagree that even if the State had participated in obtaining the disposition of the case, the one-year probation as a class A misdemeanor, even if that happened, that would have no effect on your other issues. That's your point? That is correct, yes, Your Honor. Okay. And I want to know from the defense whether they agree with that or not. Thank you. Okay. And then also turning to the final jurisdictional question in this case... Not yet. Oh, I'm sorry. Sure. Ms. Bennett, obviously this Court took this case with respect to the A4 issue, not the ineffective assistance of counsel issue. It's dubious that we would have taken it just based on rather routine ineffective assistance of counsel issues. Should this Court, if we agree with you on the proportionate penalties issue, even reach those issues or remand to the appellate court to determine the ineffective assistance of counsel? Certainly this Court could remand to the appellate court for resolution. The people went ahead and answered the merits just in case this Court felt that it was possible to resolve all of it here, since it is before this Court at this time. But certainly this Court could decide to remand the matter to the appellate court for resolution of the other issues. And, indeed, the people agree that the principal issue here is the constitutionality of A4. And so just very quickly to address the final jurisdictional matter, defendant challenges whether the circuit court had jurisdiction to issue the November 30th order, because he claims that after this Court on October 24th declined to file and docket the October 11th notice of appeal, that jurisdiction remained in this Court, so that the circuit court did not have jurisdiction to issue its Rule 18 compliant order on November 30th. However, the people disagree. By looking at the text of this October 24th order from this Court, because the substance of this notice stated that this Court was declining to file and docket the case, that shows there was simply no matter pending before this Court at that time. And so jurisdiction, logically, was located in the only other court that was ever involved in this case, that being the circuit court. After all, there were two defects with the October 11th notice of appeal. Number one, it did not attach an order as required by Rule 303B3. And secondly, there was no Rule 18 compliant order to attach, as this Court can see by looking at both the August and September orders from the trial court, which are located in the defendant's separate appendix with the blue cover at pages 12, 16, and 17. And because of that, the two steps the people took were to first seek and obtain a Rule 18 compliant order, and secondly, to attach that to a new notice of appeal, which was accepted by this Court and is the basis for the case here presently. So turning then, well, actually, one more point. Even if this Court were to find a jurisdictional defect below, the people alternatively argue that this Court should use its supervisory authority to reach the important question of whether subsection A4 indeed is unconstitutional, because not only is this case pending for resolution of this case or this matter, there are three other cases involving the same issue out of this same circuit court. And indeed, in other prior cases, this Court has recognized the importance of promptly having appellate review of declarations of unconstitutionality. So turning then to subsection A4, the circuit court found this provision to violate the proportionate penalties clause when compared to A12 of the same disorderly conduct statute when applying the identical elements test. This test provides that there can be no, there cannot be two criminal offenses with the same elements that result in different penalties. And certainly the parties here do not dispute that there are different penalties that result from A4 and A12. So the key then is comparing the elements of the two crimes. One notable difference between the two is that A12 has an extra element not contained in A4. While A4 requires that the offender have knowledge that the information transmitted is false, A12 also has that same requirement of knowledge of falsity, but also requires the offender to have knowledge that an emergency response could result. This is an additional element that is simply absent from A4, and that alone is reason to reverse the circuit court's declaration of unconstitutionality. There are also two other differences between these two provisions. Subsection A4 and A12 differ as to what is transmitted by the offender. Under A4, it is a report that a criminal offense has been committed. And under A12, it is a false alarm or complaint. And this is certainly a broader group of potential reports that could include less serious reports, such as, for example, a cat being stuck in a tree. A12 and A4 also differ as to who is the person who receives the transmission. In A4, the person who receives it is either a peace officer, a public officer, or a public employee, whereas under A12, it is a 911 operator. Now, the trial court found, and defendant argues here, that 911 operators are public employees. However, public employee is defined by statute as being a person who is authorized to perform official functions and whose salary is paid for by the state or a political subdivision. There is simply no evidence in the record before this court about who pays for the salaries of 911 operators in Kendall County. Because defendant was the one who was challenging the statute, it was his burden to prove that under the identical elements test that there was a violation, and he failed to offer evidence to show that 911 operators fully satisfy the definition by statute of a public employee. But this court need only find one of these three differences to exist in order to reverse the circuit court. And indeed, there is a second reason for reversal here. In some identical elements test cases, this court looks at the charged conduct and first verifies whether it violates two different offenses that result in different penalties. Here, defendant was charged for making a false report of a crime to a peace officer. That only violates A4 and does not violate A12. Because of that, the court had no reason to compare these two subsections. Turning then to the two cross appeal claims raised by defendant if this court were to reach them. First, defendant claims that trial counsel was ineffective for failing to challenge the information pretrial. He contends that there were two deficiencies with the information. First, he says the information should have specified which of three or four statements he made contain the false information. And he also claims that the information should have specified in greater detail the nature of the false comments made. This court is certainly familiar with the Strickland versus Washington test that applies to an effectiveness claims. And neither the deficient performance nor the prejudice prong can be shown here. And the reason why there is no deficient performance is because indeed the information was sufficient. So counsel could not be deemed ineffective for failing to challenge a sufficient information. The question when reviewing sufficiency of information asks not whether there are additional details that could have been added, but whether there were sufficient details so that defendant could prepare his defense. And here, for example, defendant identifies what he terms to be two statements. That first he was standing outside his house when he made a statement to Officer Hanks. And that soon after they walked inside his house and continued to talk, he identifies these as being two statements. But he never explains why the information we would need to specify whether the false information was provided indoors or outdoors. That would have no effect on the way that he would prepare his defense. And so this level of detail is not required. Similarly, regarding the contents of the false information provided, that actually wasn't included in the information. Because the information stated that defendant reported that his neighbor, Edward Boone, had committed reckless driving and that he tried to run over him with his truck. That was the nature of the false report made. The level of detail defendant claims is missing only addresses perhaps the very specific ways that the state would try to show the falsity, but show no confusion on his part about the nature of the offense, which was defendant's claim that Boone tried to run over him with his truck. Because there was no deficiency then with the contents of the information, there was no deficient performance for failing to challenge it. And even so, there also is no prejudice here. And that is because the people have pretrial, a common law right to amend information. So even assuming that trial counsel would have made a pretrial motion challenging the information, if any deficiency was found, the people simply could have added more detail to the information. And proceedings would have happened exactly the same from there, resulting in a conviction. Additionally, because defendant never explains how these alleged deficiencies at all affected his way of preparing his defense, he can show no prejudice. And turning then to the final issue in cross appeal regarding cross examination of people's witnesses. The question, or actually the issue is one that the circuit court is given considerable discretion in choosing to limit cross examination for reasons including, for example, restricting repetitive cross examination. The test asks whether the limitation on cross examination created a substantial danger of prejudice. And indeed looks not only to the cross examination that was allowed or was restricted, but also looks to the entirety of the record to determine whether the information at issue came out at trial in other ways. Defendant claims that the trial court inappropriately limited the cross examination of Edward Boone. However, before the limitation, three subjects were addressed. Boone acknowledged that there was a long running feud between them. He also noted that they were opposing parties in a pending civil lawsuit. And finally, he acknowledged that he didn't really like defendant. Instead, he would say that he was indifferent towards him. This certainly laid the foundation of the tense feuding neighborly relationship that the two shared. In addition, elsewhere in the record, there was information about the nature of this feud. During cross examination of Officer Hanks, he acknowledged that there were numerous incidents that he was aware of between the two. That there had been several complaints filed with the Sheriff's Department. He termed it to be bad blood between them. And he even provided three examples of this feuding relationship. He noted allegations that a lot line fence had been burned. He acknowledged allegations of dumping of garbage on the other's property. And he acknowledged allegations of trespass. Therefore, given all of this information that was in the record elsewhere, the trial court, which was the trier of fact here, was adequately aware of the potential for Boone to be biased towards defendant. But in any case, even if this court were to find some sort of improper limitation, that error would be harmless. Because after all, the central rationale that the trial court expressed in finding defendant guilty, was not based on a credibility contest between Boone and defendant. Instead, it looked to defendant's own description of the events. It noted that defendant testified he was one to two feet from the side of the road at the time that Boone drove by. Defendant testified that Boone, in driving, never left the roadway. And because the roadway was only slightly larger than the width of one vehicle, any movement on the part of Boone to perhaps swerve in his driving, could have only been very slight while maintaining his presence on the roadway. And that is why the trial court noted, since Boone, or excuse me, since defendant was simply not on the road, and because Boone's truck never left the roadway, there would be no reason for defendant to actually feel that his safety was endangered. Also, the trial court cited the 911 call, which is in the record before this court. The trial court noted that the tone of voice that defendant used was sing-songy, and almost seemed like he was enjoying reporting his neighbor. It did not seem as though he were frightened or genuinely scared as a part, or as because of the events that had occurred. So because the central basis for finding of guilt did not depend upon Boone's testimony, his testimony was not very important, and the state's case was strong, since it was indeed based on defendant's own description of events. Accordingly, there was no error in regard to the limitation of cross-examination of Boone. Now defendant raises two other sub-claims that are related here. He claims that trial counsel was ineffective for failing to make an offer of proof, regarding what further cross-examination would have occurred, and he also claims that trial counsel was ineffective for failing to cross-examine another people's witness, Deanna Berard, another neighbor, for her potential for bias. But these two sub-claims fail for the same reason, and that is because, again, since the central basis for finding of guilt did not turn on the credibility of other witnesses, it was based instead on defendant's own description. That is the reason why trial counsel, or there can be no prejudice here, because trial counsel's actions would not have affected the ultimate outcome of a conviction for guilt. Accordingly, if there are no further questions from this court, the people would request that this court reverse the trial court's finding that subsection A-4 violates the proportionate penalties clause, and in doing so, remand for further proceedings that would include this court's rejection of the two claims on cross-appeal. Thank you. May it please the Court, my name is Larry Wechter, representing Mr. Klepper. If I may just inquire of the Court... Could I discharge you with the constitutional question? I just wanted to know, Your Honor, if I may, being cross-appellant, do I get a 10-minute rebuttal, or am I confined to the 20 minutes? You're confined to whatever you were given today. I think to do that, you have to arrange that before the argument. Yeah, the reason I ask is the rule says any appellant gets an additional 10 minutes, and I just wasn't sure if that applied to cross... I think you may well have if you had requested it. Okay. I'm afraid it's... I just want to know how much time I have. It's too late in the game. Thank you. I'm sorry. State has given three bases why the two sections of the statute are not similar. The trial court, I think, based its finding of... started with the question of whether or not these two sections were similar and found that they were. In reading them, I don't see that. Although a false report of the commission of a crime described in A4 is necessarily a false alarm or complaint described in A12. Is the reverse true? It seemed to me, in looking at the language and the context of the case, that although the words were not identical, they were basically describing the same thing. And that's really the best argument I can present to you. And I think that's what the trial judge was looking at. And the example I gave in the brief was there are some crimes that say without legal justification. There are some crimes that are defined as being without lawful justification. It's not precisely the same word, but it conveys the same meaning. But if I could get to... Is this a facial or an as-applied unconstitutionality? Well, my understanding always has been that it's facial because you're comparing the elements of the crimes. The state seems to think that there is some element here of comparing the acts involved in the particular case. I think there is some slight ambiguity in the case law in this, but the overwhelming case law is that you're comparing the elements of the crimes and it must be a facial challenge. Is it an element of the crime who the act is reported to? Certainly. And your position is that the 911 operator is the same as the policeman on the scene? 911 is the police. Sure. But if I could get to your question... Your Supreme Court counsel disagreed with your facial, right? Not initially. Right. Then he changed his mind. I don't know if it's changed his mind. He went back for a Rule 18 determination, right, because he didn't really articulate what his findings were. Well, I think he did articulate them. And if you combine the written order with the oral pronouncements, it seemed to me he quite clearly was finding the statute unconstitutional on the basis of comparing the elements, a facial challenge. And then when the state went back, they said, well, no, we want to fix this. We want to fix this. It wasn't correct. Now make it an as-applied ruling, and he accommodates them. That's part of the problem with the jurisdictional aspect of this case, not to mention the inconsistency in the two rulings. I hate to belabor this, but are you saying that the court, as an accommodation, said it was an as-applied challenge per Rule 18 when their real belief was it was a facial challenge? Not precisely. I'm just saying that the terms of the finding of unconstitutionality by the trial court changed between the time he made his first two pronouncements on it, comparing that with the return to the trial court well into the fall. I mean, I'm not ascribing any real motive to him. I'm just saying that in terms of it. Counsel, if that's accurate. Pardon me? If you are accurate, shouldn't we judge it based upon the most recent pronouncement, not the least recent pronouncement? Well, I think that gets back to the jurisdictional question here, and you posed the question to the State at the outset of their argument whether this matter is waived. It seems to me the whole purpose, the whole purpose of having an interlocutory appeal on an issue of this nature is to say, well, let's stop the proceedings now, wait until we get a ruling on this from the Supreme Court of Illinois, and hold the sentencing in abeyance. Otherwise, what's the purpose of doing all of this? We now have a situation where there was an interlocutory order finding the statute unconstitutional, and in addition to that, we have a final judgment because Mr. Klepper has been sentenced. And so we're wading into, I think it's fair to say we're wading into this jurisdictional morass, because the State didn't just say, well, hold on, we need to resolve this issue first, and they certainly had plenty of opportunity, plenty of time to do that. Instead, they look at the trial, didn't say, yeah, sure, go ahead and sentence them for amnesty. It's still not clear. Is it your position that there is no viable waiver issue, or there is? Oh, that there is, certainly. Because they stand in front of the court after he has not once but twice said, this is a misdemeanor. This is a misdemeanor. I'm going to sentence Mr. Klepper for a Class A offense. And they say, and we say, you know, Judge, go ahead and sentence him. And the State says, yeah, that's a good idea, go ahead and sentence him. So clearly they surrender the remedy that they would receive if this court would overturn the constitutional ruling. They give it up. Under what one of this Court's rules could the State have appealed, taken an intermediate appeal, or immediate appeal from the finding? What rule number you mean? Yes. I think it's 603, if my memory is correct. Because it's a finding of unconstitutionality. Right. 603. And that's the point, isn't it? I mean, how can the State, sentencing or not, how can the State waive a finding of unconstitutionality by the trial judge? Where is the waiver of that just because they're sentencing? And the issue is still that there's a finding in the trial court as to unconstitutionality. Right? That's the finding, yes. But then when you surrender. That finding in a general sense isn't mooted by in a particular case that the defendant has been sentenced per misdemeanor. But if the State affirmatively, at the time when they have the opportunity to appeal, affirmatively says, go ahead, impose the sentence. You really can't lawfully impose your honor because you've made an erroneous constitutional ruling. Aren't they giving up the very relief that they seek from you? I mean, the court then imposes a misdemeanor sentence on Mr. Klepper. He's done with his misdemeanor sentence now. But for the fact that there's an appeal here, and I suppose the court could rule that he entered a void order and so Mr. Klepper can be resentenced. But for that, the court has no jurisdiction over Mr. Klepper. He's completed his sentence. What was the date of the sentence, do you recall? The date of the sentencing? Mm-hmm. The date of the sentencing I believe is, yes, is September 13th of 07. And when was the, and this is another interesting issue, I think it was on October 11th that the appeal was initially taken, right? First notice of appeal was filed then, yes. And I think, interesting, back to our other point, this court determined that we weren't going to hear the appeal until there was compliance with Rule 18 by the trial court. So at least this court, at that particular point in time, disagreed that there was an adequate finding of unconstitutionality by the trial court, right or wrong? No.  No, because here's the problem. The state attempts to docket this case by filing its notice of appeal with nothing appended to it. Nothing. And the clerk then issues this letter saying, your notice is incomplete. We're not going to accept it. Okay? It's not an order of this court. And no one could have possibly said, your findings, your Rule 18 findings are incomplete because they're not attached. There's nothing for them to look at. The only thing the clerk is saying to them is basically, why don't you refile this thing or try to redocket this case by attaching the orders. I mean, the orders exist. I see. Your point is that the initial order would have been enough to satisfy it, but it wasn't attached. Right. And then the state goes back and says comply with Rule 18. Right. But then the trial court makes a further finding saying it's an as-applied challenge. Right. And there are actually two orders. There are actually two orders. And if there's some problem with Rule 18, what they should be doing is coming to the court and saying, we still think there's a problem with Rule 18, but we file the notice of appeal. Trial court doesn't have jurisdiction. Under Rule 302, will you please send this case back to the trial court? Certainly this tribunal can remand the case to the trial court for additional findings, if they are truly necessary in this case. I don't think they are, because if you look at the whole record, everything is there. But assuming there's a problem, then they come to this court and they say remand it under 302. And then he makes whatever findings he needs to. There's no more jurisdictional problem like we have here. And we bring it back up. Certainly we still do have a finding, regardless of how you want to look at it, as to unconstitutionality. If, indeed, we agree with your waiver argument, we could also always use our supervisory authority powers to indicate whether or not we agree with that finding. Right? Well, but which one? Which one are you going to pick? Wasn't it suggested that there were several other cases carrying the same issue? Yes. And that's the other point I wanted to make. I'm not privy to those cases, but apparently the state is. If there are other such cases where the same judge, the same circuit rules on the same issue, and you don't have this outside jurisdictional issue that you do in Klepper, well, why not decide it on the basis of one or more of those other cases, where the court can clearly make that determination without having to wade into this problem? Mr. Wechter, I'd like to return to Justice Freeman's original questions with regard to making a false statement. If a person makes a false statement under 9-1-1, called to report a complaint that does not involve a commission of a crime, would he be guilty both of A4 and A12? Certainly he's guilty of the – he could be guilty of the one that describes it as a crime, but he could be guilty of the other because it's a false report. It's a false statement. I'm not sure which one is 4 and which one is 12. We're talking about the cat in the tree now, I think. I guess. Right.  So you say that it's identical. He could be guilty of both. Could be guilty of both. Right. That's what the trial judge finds, too. But if he's not, then guilty of the two subsections, then they're not identical elements. Is that right? Well, you could certainly rule that they're not identical because they don't describe the same thing quite clearly. You could rule that way. So – and let me go to Marker as well just for a moment. I think the state is quite right that Marker could be dispositive of at least one of the jurisdictional issues in this case, and that's going to be argued next week. I don't know if you want me to go into detail about that case. Certainly I will be doing that a week from now. But it seems to me that Marker will be dispositive. There is an interlocutory order on the constitutional issue that is entered here. The state does not file its notice of appeal within 30 days of the trial court ruling. And therefore, under Rule 606B, they're out of the box. They've taken too much time to file their notice of appeal. And if I could just add one more comment on this matter. The underlying premise of the state's arguments with respect to the Marker issue is, you know, it's just so difficult. It's just so difficult to get something done within 30 days in the trial court. And it just seems to me that we've gotten into this mindset that you don't get anything done. Nothing can be done within 28 days of anything else happening in a trial court. And that just seems to me to be a ridiculous premise. You know, when you're either a prosecutor or a defense lawyer and you're going into court on a motion to suppress or some kind of constitutional issue like we had here, and I've been both prosecutor and defense attorney, you should be ready. What do you do before you walk into the courtroom? You read your police reports. You interview your witnesses. You prepare their testimony. You look up your case law if you need to. Prepare a memo, perhaps, if this particular judge wants a memo or he needs one on this issue. And then he rules. And how much can you be taken by surprise by this? And how many issues in criminal cases are really, you know, that unusual? I mean, they tend to be very repetitive, particularly in the search and seizure area. So you march back to your office. You rev up your computer. You print out your motion to reconsider. Maybe you have to do a little more research. You walk over to the clerk's office. You file it. And you ask for an early date. What trial judge is going to ignore a 30-day limitation? If this court rules there's 30 days, only 30 days to file an interlocutory appeal, what trial judge is going to ignore that timeline and sit on something like this and not rule on a motion to reconsider when he's already heard all of these arguments? So, and certainly in civil cases where the issues can be much more complex, there are similar types of deadlines. And even shorter deadlines in many cases to file your notice of appeal. Just do it. Since I have three minutes, if I may, I just want to hit the high points of the issues on cross-appeal. In this case, with respect to the sufficiency of the charge and the limitation on cross-examination, in this case, well, I'm sorry. Let me restate that. In all the case law, dealing with prosecutions that are based on false statement, there has to be precision with respect to the specification of the falsehood. And in this case, there is no such specification. We still don't know the basis on which the court found the defendant guilty. Even the state hasn't suggested to you which particular statement or portion of the statement was the basis for the conviction. To say something is false, he made a false report, of course, is a conclusion. To say he reported reckless driving is a conclusion. It's a completely different matter to say, well, I convicted him. I convicted him because he was lying about where he was standing. He wasn't really in the driveway. He was somewhere else. It wasn't even possible for him to have been endangered by the other person's car. That's completely different from saying, well, he couldn't have had a reasonable belief that the guy was aiming at him with his vehicle, because he was standing in his driveway but not in the middle of the road. A foot and a half away, when a car comes a foot and a half away from you, that's not reasonable to believe someone is aiming at you. Those are completely different matters. And both the court and the state's attorney don't know or disagree as to what the basis was of the conviction. Because at different times they say different things. Well, it was 911. No, no, no, it wasn't 911. The state says it was the totality of everything that he said. What do you mean the totality of it? And the judge says, no, no, it wasn't 911. It was the report he made to the police. And I think this makes clear the point that we're just not sure what it is he was precisely prosecuted for. And how does he then assert double jeopardy if the state decides we're going to prosecute him again? This time we're going to prosecute him, we're going to be a little more precise about the manner in which the information has been alleged. On the question of bias and the restriction of cross-examination, we now have a two-question rule. Two-question rule from the state. You get to ask if you had a feud going on. Yeah, we had a feud. And everybody knows all feuds are the same. And you get to ask the complaining witness if he doesn't like the defendant. That's good enough. That's what they're saying. What else do you want? You have the police officer, you could cross-examine him. He doesn't know very much about their history, but you could cross-examine him. There's no other evidence you can use to undermine the witness's testimony. But listen, this is good enough. This is plenty. That's completely different from saying this guy came to my house, he threatened me, he committed acts of vandalism, he's a religious bigot, and so forth and so on. That's a completely different view of the witness and how the trial court should view that witness. And I don't think it's fair for the trial court to say at the trial, I relied on these people to make my finding of guilty. And then to backtrack later on and say, no, no, no, none of that was important. None of that was important. Thank you, counsel. Thank you. We'll note you got at least a couple minutes back. And I'll see you next week. First, in rebuttal, I'd like to continue to address this issue of jurisdiction. Now, looking at this court's notice of October 24th, this court stated there that it would not docket and file the October 11th notice of appeal due to noncompliance with Rule 303B3. Now, this rule states, and I'm quoting in relevant part, that a notice of appeal filed pursuant to Rule 302A1 from a judgment of a circuit court holding unconstitutional a statute shall have appended thereto a copy of the court's findings made in compliance with Rule 18 and the notice attached a copy of Rule 18. Therefore, whether or not the clerk at that time could look at the August and September rules to see if they comply with Rule 18, this notice signaled to the parties that in order to have a valid notice of appeal under Rule 303B3, there needed to be, number one, an attachment of the order, and number two, that those orders do comply with Rule 18. Now, this court can look at those orders directly and see that on several bases they were noncompliant with Rule 18. They did not state facial or as applied. They did not state whether the ruling was essential to the judgment. They did not state whether the statute could be construed in a way to uphold it, and they did not state whether there was proper Rule 19 notice. These are specific requirements under Rule 18, and they were not addressed either in the oral findings or in these two written orders. And that is why the state's first action in receipt of this notice was to go to the circuit court and get a Rule 18 compliant order. And again, because this notice stated there was no matter being opened in this court, that the notice was not going to be filed, there was no matter pending in this court. And that is why defendant's suggestion that the people should have asked this court pursuant to Rule 302C2 to remand for Rule 18 compliance would have been ineffective, because there was no matter before this court to remand. And that is why jurisdiction logically at that point was in the circuit court. And notably, the fact that defendant makes this suggestion implicitly concedes that there was not Rule 18 compliance before that. After all, why would there be a reason to ask for this remand otherwise? And to then also address this question about whether it was a facial or as-applied finding, defendant cites confusion in statements of the parties as to whether this was facial or as-applied, but the question is, what did the trial court do? Defendant never quotes to any part of the record where the trial court made a facial finding earlier. And instead, as this court can see from the transcript of the November 30th hearing, this very issue was argued by the parties, and the judge reaffirmed that, yes, he intended an as-applied finding. And that was correct. The reason why that was correct is because a facial finding of unconstitutionality is only appropriate so long as there is no way that a statute can function appropriately. Here, A4 provides that there are three categories of people who can receive the false report. Peace officers, public officers, and public employees. So even accepting for the moment defendant's argument that 911 operators are public employees, that would still mean that A4 could function constitutionally regarding reports made to peace officers or reports made to public officers. And that is why the whole subsection A4 was not invalidated by the circuit court's findings, which by definition is an as-applied finding. So that was not the people trying to alter what had been made before, as defendant seems to contend. Instead, it was simply looking at the requirements of Rule 18 and making sure that it adequately reflects the circuit court's intentions through the August and September orders. Also then, touching briefly on this waiver question, the people agree with Justice Thomas that not only was the reason for the people challenging or appealing here to try to get a certain sentence for this particular defendant, the other basis for filing this appeal is because of defending generally the validity of the statute, which applies in many other cases. And so that is why acquiescing to a particular sentence in a case... The relief would be to remand for resentencing, for him to get a felony sentence. So it would involve putting aside the sentence that the state agreed to? That's correct. Now, I know that from the briefs, but do we know exactly what happened? In what regard? I'm sorry? Do we know exactly what happened? What does the record demonstrate happened? What did the state do to join the agreement on the sentence? My memory is that when it was suggested that it was time to impose sentence, that the people said, yes, let's proceed and sentence as a misdemeanor. But that's my memory. I'm not 100 percent sure. But in any case, the issue on appeal is not only this particular sentence. It is the validity of A4 generally, which again is raised in these three other cases that are holding before this court. Now, defendants suggest perhaps this court could take one of those cases that would avoid these jurisdictional questions he raises, but those have not been briefed. We have now briefed the issue before this court, and this court could address the matter now. Are you directing this court that if we find anything waived, it would be a waiver as to the sentence of this particular case? Sure. Yes. Still with the finding that A4 is constitutional, but because of the acquiescence of the state, the misdemeanor sentence would stand? That's potentially appropriate, sir. We would reach the principle issue on a motion or on a supervisory order? Is that the suggestion? That's certainly appropriate, too, yes. Because if there is waiver, that could dispose of the case. Except that the question of a constitutionality of a statute is a more general, broad situation that this court could address, independent of this particular defendant. And so just because perhaps, as Justice Thomas suggests, that we might have agreed to this particular misdemeanor sentence here, that does not mean that we have either conceded any challenge to defending the statute. In a general sense. So then turning to the question of A4's constitutionality. Oh, actually, I'm going to take a step back and address marker real quick, because defendant addressed that as well. Now, as defendant correctly notes, this will be argued before this court next week, but I'd simply like to make the point that it is very important to have this ability to have motions to reconsider in the trial court before appeals happen. It's easy for defendant to stay standing here, that a trial court who's on the button could always rule on a motion to reconsider within 30 days. Number one, that does not recognize the heavy dockets that are faced throughout this court, or throughout the state. And secondly, it is certainly, as this court is an appellate court, this court certainly knows there is good reason for the trial court to have deliberate, well-thought reconsideration before an appeal leaves the trial court. That it's best for errors to be corrected in the trial court before an appeal even occurs. And the second point to be made is not only is this a good practice, it is also the accepted practice for the last 30 years. And that certainly plays for how the Illinois bar has regarded these rules in the past. So then moving on to subsection A4. I'd simply like to say that in answer to Justice Burke's question, a false report of a cat stuck in a tree would not violate A4. I think because A4 specifically says it's a report of an offense, which is defined in statute as being a crime, there is no crime involved with a report. And in answer to Justice Freeman's question, there is not two-way identity here. If yes, a false report of a crime is a false alarm, but every false alarm is not a false report of a crime. And that is why there is not precise identical elements here. There is not overlap that goes both ways. And indeed, most importantly, there is this extra element in A12, that the person must have knowledge that the call is going to result in an emergency response. It is certainly foreseeable that a young child could call 911, not fully understanding what could result as a consequence. And perhaps this element was included for just that reason, to make sure young children who don't know the harm that could result from their call, that they should not be held responsible as under this crime. Also, quickly, as for the information and the sufficiency, defendant does not show how he was not made aware of the nature of the offense. His pointing out questions about where exactly was he standing and things to that nature, that is an extraordinary level of detail that is not required. He knew the nature of the offense was that he was standing on his property when Edward Boone drove his truck by. He was fully aware of the date, the time, the people involved. That is the standard for viewing the sufficiency of an information. And I see my time has expired, so thank you very much, and we ask that this court reverse the circuit court. Thank you. Thank you, counsel.